IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOHN J. SHEEHAN and MARGARET SHEEHAN, | ) ) ) | CIVIL NO. 10-00695 SOM-RLP |
| Plaintiffs, | ) ) ) | FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION FOR |
| vs. | ) ) | ATTORNEYS' FEES AND RELATED NON-TAXABLE COSTS |
| | ) | |
| CENTEX HOMES, a Nevada general partnership; CENTEX REAL ESTATE, a Nevada corporation; NOMAS CORP., a Nevada corporation; JOHN DOES 1-50, JANE DOES 1-50, DOE AFFILIATES 1-50 and DOE ENTITIES 1-50, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————————— | ) | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART
DEFENDANTS' MOTION FOR ATTORNEYS' FEES
AND RELATED NON-TAXABLE COSTS[1]

        Before the Court, pursuant to a designation by Chief

United States District Judge Susan Oki Mollway, is Defendants

Centex Homes, Centex Real Estate, and Nomas Corporation's

(collectively "Defendants") Motion for Attorneys' Fees and

Related Non-Taxable Costs ("Motion"), filed herein on March 24,

2011.  Defendants request an award of $40,268.57 in attorneys'

---

        [1]  Within fourteen (14) days after a party is served with a
copy of the Findings and Recommendation, that party may, pursuant
to 28 U.S.C. § 636(b)(1)(B), file written objections in the
United States District Court.  A party must file any objections
within the fourteen-day period allowed if that party wants to
have appellate review of the Findings and Recommendation.  If no
objections are filed, no appellate review will be allowed.

fees and $428.78 in non-taxable costs as the "prevailing party" pursuant to the Court's Order Granting Defendant's Motion to Compel Arbitration and to Dismiss, filed on March 21, 2011 ("Arbitration Order"). See ECF No. 24. Plaintiffs John J. Sheehan and Margaret Sheehan (collectively "Plaintiffs") filed their Memorandum in Opposition to Defendants' Motion on April 20, 2011, and Defendants filed their Reply to Plaintiffs' Memorandum in Opposition to Defendants' Motion on May 4, 2011.

On April 5, 2011, the Court found this matter suitable for disposition without a hearing pursuant to LR 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii. See ECF No. 29. Based on the following, and after careful consideration of the Motion, the supporting and opposing memoranda, declarations, and exhibits attached thereto, and the record established in this action, the Court FINDS AND RECOMMENDS that Defendants' Motion be GRANTED IN PART AND DENIED IN PART. The Court RECOMMENDS that the District Judge AWARD Defendants $17,165.65 in attorneys' fees and $2.32 in costs, for a total award of $17,167.97.

## BACKGROUND

The parties and the Court are familiar with the factual and procedural background of this case, which are discussed in detail in the Court's Arbitration Order. The Court will therefore only address herein the background that is relevant to the instant Motion.

On July 14, 2006, Plaintiff Margaret Sheehan entered into a sales contract with Defendant Centex Homes to purchase a two-bedroom condominium unit in the Beach Villas development at Ko Olina on the island of Oahu. <u>See</u> Compl. ¶ 1; Compl. Ex. 1. On October 10, 2007, Mrs. Sheehan amended the sales contract to instead purchase a three-bedroom condominium unit (Unit O-302) in the Beach Villas. <u>See</u> Compl. ¶ 12; Compl. Exh. 2. On March 6, 2008, the transaction in the amended sales contract closed. <u>See</u> Compl. ¶ 13. Mrs. Sheehan delivered $1,268,000 to Centex Homes for Unit O-302 and took possession of the unit. <u>See</u> Compl. ¶¶ 13-14. This dispute arose because Centex Homes allegedly knew that certain amenities that were a material reason for Mrs. Sheehan's purchase of Unit O-302 would not be part of the Beach Villas. <u>See</u> Compl. ¶¶ 19-22, 28.

The sales contract contains a section with the title "Alternative Dispute Resolution Notification and Procedures; Waivers" ("ADR Provision"), which is at issue in the present case. <u>See</u> Compl. Ex. 1, at 24-30. The ADR Provision runs from page 24 to page 30 of the sales contract, and Mrs. Sheehan initialed each of those pages. <u>Id.</u> On page 30, both Mrs. Sheehan, as the purchaser, and Centex Homes, as the seller, signed the ADR Provision. <u>Id.</u> at 30. Section 37(g) of the ADR Provision provides in relevant part:

> **<u>NO JUDICIAL INTERVENTION</u>. THE PARTY BRINGING ANY LITIGATION NOT PERMITTED UNDER THESE PROCEDURES SHALL BE RESPONSIBLE FOR ALL**

**REASONABLE EXPENSES AND FEES (INCLUDING THOSE OF ATTORNEYS, EXPERTS, AND OTHER PROFESSIONALS) INCURRED BY THE OTHER PARTY AS A RESULT OF SUCH PROHIBITED LITIGATION.**

Id. at 29 (upper case, underline, and bold in original).

On November 23, 2010, Plaintiffs[2] filed their Complaint, asserting two claims. In Count I, Plaintiffs allege a violation of § 514B-94 of the Hawaii Revised Statutes ("HRS"). See Compl. ¶¶ 35-43. HRS § 514B-94 makes it illegal to publish any false statement concerning any project for sale, or to issue any marketing material that contains a false statement or is misleading due to an omission of a material fact. Haw. Rev. Stat. § 514B-94(a)(2). In Count II, Plaintiffs assert a common law fraud claim and allege that Centex Homes fraudulently induced them to enter into the sales contract as a whole. See Compl. ¶¶ 44-49. Plaintiffs sought, inter alia, an order rescinding the sales contract and requiring Defendants to return the full purchase price of $1,268,000, plus interest at 6% dating from March 6, 2008. See Compl. 10.

On December 23, 2010, Defendants filed a Motion to Stay or Dismiss Plaintiffs' Complaint and to Compel Mediation/Arbitration and for Attorneys' Fees and Costs ("Arbitration Motion"). See ECF No. 7. On March 21, 2011, the Court issued its Arbitration Order, which concluded that this

---

[2] Although only Margaret Sheehan signed the sales contract, her spouse, John Sheehan, also claims damages in this action.

matter is subject to arbitration, as the ADR Provision is valid

and encompasses Plaintiffs' claims.  <u>See</u> ECF No. 24, at 2.  As a

result, on the same date, the Clerk of the Court filed a Judgment

in a Civil Case, and the case was dismissed.  <u>See</u> ECF No. 25.

The instant Motion followed.[3]

<u>ANALYSIS</u>

**A.    Entitlement to Attorneys' Fees**

The district court has jurisdiction over this case

pursuant to 28 U.S.C. § 1332.  <u>See</u> Compl. ¶ 8.  A federal court

sitting in diversity must apply state law in determining whether

the prevailing party is entitled to attorneys' fees.  <u>Kona</u>

<u>Enters., Inc. v. Estate of Bishop</u>, 229 F.3d 877, 883 (9th Cir.

2000).  Under Hawaii law, "[o]rdinarily, attorneys' fees cannot

be awarded as damages or costs unless so provided by statute,

stipulation, or agreement."  <u>Stanford Carr Dev. Corp. v. Unity</u>

<u>House, Inc.</u>, 111 Hawai'i 286, 305, 141 P.3d 459, 478 (2006)

(citing <u>Weinberg v. Mauch</u>, 78 Hawai'i 40, 53, 890 P.2d 277, 290

(1995)).  In the instant case, Defendants seek an award of fees

pursuant to HRS § 607-14 and the ADR Provision of its sales

contract with Mrs. Sheehan.

HRS § 607-14 states, in pertinent part:

---

[3]  The Court, without ruling on the availability or the
amount of attorneys' fees, directed Defendants to comply with
Local Rule 54.3 by filing a separate motion for attorneys' fees.

> In all the courts, in all actions in the nature of assumpsit and in all actions on a promissory note *or other contract in writing that provides for an attorney's fee*, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable; provided that the attorney representing the *prevailing party* shall submit to the court an affidavit stating the amount of time the attorney spent on the action and the amount of time the attorney is likely to spend to obtain a final written judgment, or, if the fee is not based on an hourly rate, the amount of the agreed upon fee. *The court shall then tax attorneys' fees, which the court determines to be reasonable, to be paid by the losing party; provided that this amount shall not exceed twenty-five per cent of the judgment.*

Haw. Rev. Stat. § 607-14 (emphases added). In order to award reasonable attorneys' fees under this statute, the court must determine whether: (1) the action is in the nature of assumpsit or an action on a promissory note or other contract in writing that provides for an attorney's fee; (2) the moving party is the prevailing party; (3) the fees requested are reasonable; and (4) the fees do not exceed twenty-five percent of the judgment. The Court will address each requirement in turn.

### 1. Contractual Basis for Attorneys' Fees

Plaintiffs contend that, for HRS § 607-14 to apply, the underlying action must be in the nature of assumpsit or premised upon money damages for breach of contract in writing. <u>See</u> Pls.' Mem. Opp. to Defs.' Mot. 6 (citing <u>Leslie v. Estate of Tavares</u>, 93 Hawai'i 1, 5, 994 P.2d 1047, 1051 (2000)). In Plaintiffs'

6

view, because Defendants sought specific performance of the ADR Provision to compel arbitration, the instant action is not in the nature of assumpsit. Id. (citing Chock v. Gov't Emps. Ins. Co., 103 Hawai'i 263, 269, 81 P.3d 1178, 1183 (2003)). In addition, Plaintiffs assert that their Complaint does not allege a breach of contract claim, but rather their HRS § 514B-94 and common law fraud claims sound in tort, not contract.

Contrary to Plaintiffs' argument, Hawaii courts have declined to construe HRS § 607-14 so narrowly. Indeed, the Hawaii Supreme Court has expressly stated that, under HRS § 607-14, attorneys' fees may be awarded in three types of cases: (1) actions in the nature of assumpsit, (2) actions on a promissory note, and (3) contracts in writing that provide for an attorney's fee. Eastman v. McGowan, 86 Hawai'i 21, 31, 946 P.2d 1317, 1327 (1997). See also Forbes v. Haw. Culinary Corp., 85 Hawai'i 501, 507, 946 P.2d 609, 615 (App. 1997) (stating that, as opposed to the "assumpsit prong," the "contract prong" "may provide in writing for attorneys' fees to be awarded to the prevailing party in any litigation between the parties"); United States v. Guerette, Civ. No. 09-00133 ACK-KSC, 2011 WL 809192, at *1 (D. Haw. Mar. 1, 2011) (holding that HRS § 607-14 applies to a note and mortgage because the statute applies to "all actions on a promissory note or other contract in writing that provides for an attorney's fee").

Here, Defendants request an award of attorneys' fees based on Section 37(g) of the written sales contract between Mrs. Sheehan and Centex Homes, which clearly provides that any party bringing impermissible litigation shall be responsible for attorneys' fees incurred by the other party as a result. See Compl. Ex. 1, at 29. Therefore, the Court finds that attorneys' fees are recoverable by Defendants under the "contract prong" of HRS § 607-14. Moreover, even if the "contract prong" were not applicable, the Court finds that Defendants are entitled to attorneys' fees under the "assumpsit prong" because Plaintiffs are seeking restitution in conjunction with their rescission claim. See Hong v. Kong, 5 Haw. App. 174, 183-84, 683 P.2d 833, 841 (1984) (holding that an action for rescission of an agreement and for restitution of monies paid on account of the agreement is an "an action in the nature of assumpsit" within the meaning of HRS § 607-14); cf. Leslie, 93 Hawai'i at 7, 994 P.2d at 1053 (noting that because equitable claims for relief are not in the nature of assumpsit, an action was cast "in the nature of assumpsit" when there was a claim for restitution accompanying the rescission claim); Arbitration Order, ECF No. 24, at 21 ("The Sheehans cannot argue that their claims are based on misconduct outside and independent of the sales contract . . . The Sheehans' alleged damages would not exist without the sales contract."). Accordingly, the Court concludes that Defendants have a

contractual basis for an award of attorneys' fees under HRS §
607-14.

**2.   Prevailing Party Status**

Under Hawaii law, a party may be deemed the "prevailing
party" entitled to an award of attorneys' fees under HRS § 607-14
without successfully litigating the merits of the party's claim.
<u>Kona Enters.</u>, 229 F.3d at 887 (citing <u>Wong v. Takeuchi</u>, 88
Hawai'i 46, 49, 961 P.3d 611, 614 (1998)) (holding that a
defendant was a "prevailing party" within the meaning of HRS §
607-14 even though the plaintiff's action was dismissed on
summary judgment on laches or statute of limitation grounds).
Under this standard, "[u]sually the litigant in whose favor
judgment is rendered is the prevailing party . . . Thus, a
dismissal of the action, whether on the merits or not, generally
means that defendant is the prevailing party." <u>Wong</u>, 88 Hawai'i
at 49, 961 P.3d at 614 (quoting 10 Charles Alan Wright, Arthur R.
Miller & Mary Kay Kane, Federal Practice and Procedure § 2667 (2d
ed. 1983)); <u>MFD Partners v. Murphy</u>, 9 Haw. App. 509, 514, 850
P.2d 713, 716 (1992) (citing 6 J. Moore et al., Moore's Federal
Practice ¶ 54.70 (2d ed. 1992)) ("[i]n general, a party in whose
favor judgment has been rendered by the district court is the
prevailing party in that court . . . for the purposes of costs
and attorneys' fees").

In affirming its holding in <u>Wong</u>, the Hawaii Supreme Court held in <u>Blair v. Ing</u>, 96 Hawai'i 327, 31 P.3d 184 (2001), that "a defendant who succeeds in obtaining a judgment of dismissal is a prevailing party for the purpose of fees under HRS § 607-14." <u>Id.</u> at 96 Hawai'i 331, 31 P.3d 189. Moreover, even a voluntary dismissal with prejudice is sufficient to deem a defendant to be the prevailing party under the statute. <u>See</u> <u>Ranger Ins. Co. v. Hinshaw</u>, 103 Hawai'i 26, 31, 79 P.3d 119, 124 (2003); is sufficient to support an award for attorneys' fees under Hawaii law(stating that "<u>Wong</u> equivocally held that any dismissal that results in judgment is sufficient to support an award for attorneys' fees under Hawaii law").

Notwithstanding the above precedent from Hawaii state and federal courts regarding the meaning of a "prevailing party" under HRS § 607-14, Plaintiffs urge the Court to adopt the test set forth by the United States Supreme Court for awarding attorneys' fees in the context of civil rights cases pursuant to 42 U.S.C. § 1988. In that context, the Supreme Court stated that "[t]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." <u>Tex. State Teacher's Ass'n v. Garland Indep. Sch. Dist.</u>, 489 U.S. 782, 792-93 (1989). Citing a case dealing with an award of costs under Rule 54(d) of the Federal Rules of Civil Procedure,

Plaintiffs argue that dismissal without prejudice of a claim
leaves the parties in essentially the same position as when the
case began without altering the legal relationship at all.  See
Roth v. Meridan Fin. Network, Inc., Civ. No. 07-00045 JMS-BMK,
2008 WL 4657800, at *2 (D. Haw. Oct. 21, 2008).

However, the Court finds this line of authority to be
inapposite and immaterial to the instant Motion.  As previously
stated, a federal court sitting in diversity must apply state law
in determining whether the prevailing party is entitled to
attorneys' fees.  Kona Enters., 229 F.3d at 883.  Indeed, even
the Supreme Court case cited by Plaintiffs highlights the
importance of carrying out the intent of the legislature that
enacted the particular fee statute at issue.  See Tex. State
Teacher's Ass'n, 489 U.S. at 792-93.  As a result, the Court
finds that Wong and its progeny, which specifically interpret the
term "prevailing party" under HRS § 607-14, are controlling.
Here, Defendants prevailed on their motion to compel compliance
with the sales contract's ADR Provision, judgment was issued in
their favor, and the case was dismissed.  Because it is clear
under Wong that any dismissal that results in judgment is
sufficient to support an award for attorneys' fees under Hawaii
law, see Kona Enters., 229 F.3d at 883, the Court concludes that
Defendants are the "prevailing party" and are entitled to
attorneys' fees under HRS § 607-14.

### 3. Twenty-Five Percent Limitation

HRS § 607-14 limits the award of attorneys' fees to twenty-five percent of the judgment. The fee award is "assessed . . . upon the amount sued for if the defendant obtains judgment." Haw. Rev. Stat. § 607-14. However, the Hawaii Supreme Court has stated that the twenty-five percent cap does not apply in cases that involve "only an adjudication of rights in which no monetary liability is at issue." DFS Grp. L.P. v. Paiea Props., 110 Hawai'i 217, 221, 131 P.3d 500, 504 (2006) (quoting Food Pantry, Ltd. v. Waikiki Bus. Plaza, Inc., 58 Haw. 606, 621, 575 P.2d 869, 880 (1978)). The court also recognized that "where it is impossible to determine what the judgment would or might have been . . . (*e.g., in declaratory judgment actions*), the [prevailing party] may be awarded all of his or her reasonable attorney's fees." Id. (emphasis in original) (quoting Piedvache v. Knabusch, 88 Hawai'i 115, 119, 962 P.2d 374, 378 (1998)). See also Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 134, 839 P.2d 10, 35 (1992) ("if no money damages are sought or awarded, as in a complaint for declaratory judgment, there is no monetary amount on the basis of which to calculate the twenty-five percent statutory ceiling for attorneys' fees").

In the present case, Plaintiffs' Complaint sought an order rescinding the sales contract and requiring Defendants to return the full purchase price of $1,268,000, plus interest at 6%

dating from March 6, 2008. Defendants' request of $40,268.57 in attorneys' fees is far less than twenty-five percent of this amount. Therefore, the Court finds that Defendants' fee request does not need to be capped in order to comply with HRS § 607-14's twenty-five percent ceiling. Furthermore, even if the amount of Plaintiffs' rescission claim is not used, the Court finds that this matter is akin to an action for declaratory judgment to which the twenty-five percent cap would not apply. Although Plaintiffs contend that the amount in controversy, i.e., the value of the condominium unit without the allegedly promised amenities, might be significantly smaller than the sale price of the unit, when judgment is obtained by the defendant, the cap applies the amount "sued for," not an amount that could be awarded to the plaintiff at trial. See Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawai'i 92, 123-24, 176 P.3d 91, 122-23 (2008). Accordingly, the Court concludes that the twenty-five percent limit on the award of attorneys' fees in this case does not apply.

**B.    Calculation of Reasonable Attorneys' Fees**

Hawaii courts calculate the reasonableness of attorneys' fees based on the a method that is nearly identical to the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See DFS Group, 100 Hawai'i at 222, 131 P.3d at 505. Under the lodestar method, the court

must determine a reasonable fee by multiplying the number of hours reasonably expended by a reasonable hourly rate.  See id. at 100 Hawaiʻi 222-23, 131 P.3d at 505-06.

In addition, a court may consider the following factors:

> (1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite properly to conduct the cause;
>
> (2) whether the acceptance of employment in the particular case will preclude the lawyer's appearance for others in cases likely to arise out of the transaction, and in which there is a reasonable expectation that otherwise he would be employed, or will involve the loss of other employment while employed in the particular case or antagonisms with other clients;
>
> (3) the customary charges of the Bar for similar services;
>
> (4) the amount involved in the controversy and the benefits resulting to the client from the services;
>
> (5) the contingency or the certainty of the compensation; and
>
> (6) the character of the employment, whether casual or for an established and constant client.

Chun v. Bd. of Trs. of Emps.' Ret. Sys. of Haw. ("Chun II"), 106 Hawaiʻi 416, 435, 106 P.3d 339, 358 (2005)(citations omitted). These factors are "guides" to determining the value of the attorneys' services, and the court is not required to consider each of them in every case.  Id.  In certain types of cases,

14

however, these factors may justify applying a multiplier to increase or decrease the lodestar amount. See Chun v. Bd. of Trs. of Emps.' Ret. Sys. of Haw. ("Chun I"), 92 Hawai'i 432, 442, 992 P.2d 127, 137 (2000). A court's award of attorneys' fees is reviewed under an abuse of discretion standard, which only occurs if the court has "clearly exceeded the bounds of reason or has disregarded rules or principles of law or practice to the substantial detriment of a party litigant." Chun II, 106 Hawai'i at 431, 106 P.3d at 354 (quoting State v. Davia, 87 Hawai'i 249, 253, 953 P.2d 1347, 1351 (1998)).

Defendants request the following lodestar amount for work performed by their counsel:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| Bert T. Kobayashi, Jr. (BTK) | 19.25 | $450.00 | $8,662.50 |
| Christopher T. Kobayashi (CTK) | 77.50 | $250.00 | $19,375.00 |
| Jonathan S. Moore (JSM) | 19.90 | $210.00 | $4,179.00 |
| Christopher A. Santos (CAS) | 36.90 | $150.00 | $5,535.00 |
| Michael Albanese (MA) | 4.70 | $150.00 | $705.00 |
| SUBTOTAL | 158.25 | | $38,456.50 |
| Hawaii GET of 4.712% | | | $1,812.07 |
| **TOTAL** | | | **$40,268.57** |

See Defs.' Mem. Supp. Mot. 27; Kobayashi Decl. Ex. E, at 1.

### 1. Reasonable Hourly Rate

Hawaii courts consider the reasonable hourly rate in a manner virtually identical to the traditional lodestar

15

formulation, and some Hawaii state courts have considered federal law in determining a reasonable hourly rate.  See, e.g., County of Haw. v. C & J Coupe Family Ltd. P'ship, 120 Hawai'i 400, 407, 208 P.3d 713, 720 (2009) (quoting Blum v. Stenson, 465 U.S. 886, 895 (1984)) (determining a reasonable hourly rate based on "the prevailing market rates in the relevant community").  But see DFS Grp., 110 Hawai'i at 223, 131 P.3d at 506 (determining a reasonable hourly rate by calculating the average of the four requested rates).  The Court therefore finds that federal case law regarding the determination of a reasonable hourly rate is instructive in this case.

    In assessing whether an hourly rate is reasonable, a court "should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation."  Webb v. Ada County, 285 F.3d 829, 840 (9th Cir. 2002) (citing Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir. 1986)); see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").  In addition to their own statements, the fee applicant is required to submit additional evidence that the rate charged is reasonable.  Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).

Here, in addition to the Declaration of Bert T. Kobayashi, Jr., Defendants' counsel, Kobayashi Sugita & Goda ("KSG") submitted Exhibit "D," a list of the largest law firms in Honolulu that was published by the *Pacific Business News* on May 29, 2009. KSG notes that eleven out of the top sixteen firms reported their billing rates, which ranged from $125 to $300 per hour for associates and from $150 to $500 per hour for partners. <u>See</u> Kobayashi Decl. Ex. D; Defs.' Mem. Supp. Mot. 21. KSG argues that "the rates charged by Defendants' counsel are either within or below similar rates charged by [sic] attorneys' in the Honolulu community." <u>Id.</u>

In <u>Ko Olina Dev., LLC v. Centex Homes</u>, Civ. No. 09-00272 DAE-LEK, 2011 WL 1235548, at *10 (D. Haw. Mar. 29, 2011), United States District Judge David Alan Ezra determined reasonable hourly rates for four of the five KSG attorneys who worked on the instant case. The award in <u>Ko Olina</u> is particularly instructive to the instant case, not only because both cases involve KSG, but also because the cases involve the Beach Villas development and a determination of reasonable hourly rates for this calendar year. In addition, this Court is familiar with the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill, and reputation, as well as with other prior attorneys' fee awards in this district.

Based on the foregoing, the Court finds that the requested hourly rates for Mr. Bert Kobayashi, Mr. Christopher Kobayashi, and Mr. Moore are excessive. The Court determines that the rates awarded in <u>Ko Olina</u> are reasonable hourly rates. These hourly rates are: Mr. Bert Kobayashi (over forty years of experience, head of the KSG litigation section since 1971) – $350; Mr. Christopher Kobayashi (practicing law in Hawaii since 1993) – $185; and Mr. Moore – $130 (practicing law in Hawaii since 2008).[4] <u>Id.</u>

Although the <u>Ko Olina</u> Court also established a reasonable hourly rate for Mr. Santos, it was for work done as a law student. Here, it appears that Mr. Santos' fees are for work done as a first-year associate after he became a member of the Hawaii bar in September 2010. <u>See</u> Kobayashi Decl. Ex. E, at 10-12. Similarly, Mr. Albanese's fees are for work done shortly after he became a member of the Hawaii bar in November 2010. <u>See id.</u> at 12-14. The Court finds that the reasonable rate for Mr. Santos and Mr. Albanese is $120 per hour, which is comparable to the rate that Judge Ezra awarded to Defendants' counsel Nicholas Monlux in <u>Ko Olina</u>. <u>See Ko Olina</u>, 2011 WL 1235548, at *10.

**2. Hours Reasonably Expended**

---

[4] All references to an attorney's license to practice law refer to the attorney's admission to the Hawaii bar. Where necessary, the Court has supplemented the information provided by Defendants' counsel with information from the Hawaii State Bar Association's website.

For the same reasons as those discussed above, the Court finds that federal case law regarding the determination of reasonable hours spent is instructive in this case. Beyond establishing a reasonable hourly rate, the fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. Smothers v. Renander, 2 Haw. App. 400, 408, 633 P.2d 556, 563 (1981) (stating that it is the prevailing party's burden to show the reasonableness of the fee and that the fee is for services reasonably and necessarily incurred); Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993). See also Hensley, 461 U.S. at 437; Gates, 987 F.2d at 1397. The opposing party then has the burden of rebuttal that requires submission of evidence challenging the accuracy and reasonableness of the hours charged or the facts asserted by the fee applicant in its affidavits. Id. at 1397-98.

In making an award, the district court must balance between granting sufficient fees to attract qualified counsel and avoiding a windfall to counsel. Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008). Attorneys' fees pursuant to HRS § 607-14 are not presumptive and do not require a detailed explanation of the rationale underlying the reduction in the amount of fees awarded as long as there is support in the record. Ranger Ins., 103 Hawai'i at 33, 79 P.3d at 126 (citing Finley v.

19

Home Ins. Co., 90 Hawai'i 25, 39, 975 P.2d 1145, 1159 (1998)).

See also Moreno, 534 F.3d at 1111 (stating that the district

court's explanation of an award "need not be elaborate, but it

must be comprehensible"); Hensley, 461 U.S. at 437 (the court's

explanation may be "concise," but must also be "clear").  The

court need not set forth an hour-by-hour analysis of the fee

request but may instead make across-the-board percentage cuts to

the number of hours claimed as a "practical means of trimming the

fat" from a fee application.  Gates, 987 F.2d at 1399.

###     a.    Duplicative Time

As a general rule, this Court allows two attorneys to

bill for their appearances at court proceedings when it is

reasonable and necessary for a "second chair" to appear with lead

counsel.  Ko Olina, 2011 WL 1235548, at *12 (quoting Nat'l Comm'n

for Certification of Crane Operators v. Ventula, Civ. No. 09-

00104 SOM-LEK, 2010 WL 2179505, at *5 (D. Haw. Apr. 30, 2010)).

The Court, however, does not permit more than one attorney to

bill for attending: (1) a meeting between co-counsel; (2) a

client meeting; or (3) a meeting with opposing counsel.  Id.  In

such a situation, the Court typically deducts the time spent by

the lowest-billing attorney or attorneys.  Id.

Here, the Court finds that the following time entries

are duplicative and should be deducted:

| ATTORNEY | DATE | TIME | WORK DESCRIPTION |
|---|---|---|---|
| JSM | 12/13/10 | 0.3 | Discuss Sheehan complaint with C. Kobayashi |
| CAS | 12/13/10 | 0.3 | Interoffice conference with C. Kobayashi re disclosure statement delivered by Seller |
| CAS | 12/15/10 | 0.2 | Interoffice conference with C. Kobayashi re 30 day time period for rescission under HRS 514A and B |

The Court also finds that Mr. Christopher Kobayashi's time should be reduced by 0.2 hours because he billed 0.5 hours for the December 13, 2010 interoffice conference that Mr. Moore billed 0.3 hours.

### b. Clerical or Ministerial Tasks

Clerical or ministerial tasks are not compensable because such tasks are "part of an attorney's overhead and are reflected in the charged hourly rate." Id. (quoting JJCO, Inc. v. Isuzu Motors Am., Inc., Civ. No. 08-00419 SOM-LEK, 2010 WL 3001924, at *12 (D. Haw. July 30, 2010)). The Court finds that the following time entries are clerical in nature and not compensable:

| ATTORNEY | DATE | TIME | WORK DESCRIPTION |
|---|---|---|---|
| CTK | 12/17/10 | 0.2 | Confirm filing deadlines |
| CTK | 2/16/11 | 0.2 | Confirm filing deadlines for reply |

| | | | |
|------|----------|-----|-----------------------------------------------------------------------------------------------------------------------------------|
| CAS | 12/23/11 | 1.9 | File motion to stay or dismiss on cm/ecf (1.0); file concise statement of facts (0.7); file corporate disclosure statement (0.2) |

### c.  Non-Compensable Entries

Certain other tasks, while useful to attorneys and clients, are not reasonably necessary to the litigation of a case and are therefore not compensable.  Id. at *13.  For example, a litigation plan and budget is primarily for the convenience of counsel and the client.  Id.  As a result, the Court will exclude the following time entries:

| ATTORNEY | DATE | TIME | WORK DESCRIPTION |
|----------|----------|------|-----------------------------------------------------------------------------------------|
| BTK | 3/15/11 | 0.5 | Prepare updated budget at request of client |
| CAS | 12/27/10 | 0.2 | Telephone conference with M. Freese and N. Geralde regarding establishing budget and tracking of motion |
| CAS | 1/18/11 | 0.8 | Finalize budget estimates for client |

Similarly, KSG billed a significant amount of time preparing what appear to be detailed status and strategy reports for the client as follows:

| ATTORNEY | DATE | TIME | WORK DESCRIPTION |
|----------|----------|------|-----------------------------------------------------|
| CTK | 12/12/10 | 1.1 | Prepare research and evaluation memorandum |
| CTK | 12/14/10 | 2.3 | Finalize research and draft evaluation memorandum |

| CTK | 12/15/10 | 1.3 | Revise evaluation memorandum for clients |
| CTK | 12/17/10 | 0.5 | Telephone conference with clients regarding proposed course of action |
| CTK | 12/21/10 | 1.4 | Revise and finalize evaluation letter to clients |
| CTK | 12/22/10 | 0.5 | Telephone conference with clients regarding motion to compel arbitration and dismiss |
| CAS | 1/18/11 | 0.5 | Update status report for client |

Although updating the client about the status of a case is necessary, the Court finds that the amount of time spent was excessive. See id. The Court will therefore reduce Mr. Christopher Kobayashi's time by 4.0 hours.

### d. Excessive Time

Plaintiffs' primary argument as to why KSG's claimed attorneys' fees are unreasonable is because, with the exception of the instant Motion, Defendants' participation in this lawsuit consists of the Arbitration Motion. Plaintiffs note that Defendants filed the Arbitration Motion in lieu of an answer to the Complaint on December 23, 2010, and the Court issued its Arbitration Order on March 21, 2011. Plaintiffs further state that the parties did not exchange initial disclosures or any other discovery. Finally, Plaintiffs allege that the Arbitration Motion itself was a "simple motion that did not involve unusually complex factual or legal issues." See Pls.' Mem. Opp. to Defs.' Mot., at 20. Plaintiffs contend that, in light of these facts,

KSG's attorneys' fees, which consist of nearly 160 hours of billed attorney time, are "excessive, redundant, and otherwise unnecessary." See id.; Gates, 987 F.2d at 1397 (quoting Hensley, 461 U.S. at 433-34) (stating that counsel for the prevailing party should exclude from a fee request hours that are "excessive, redundant, or otherwise unnecessary").

KSG has divided its time into three categories of litigation: (1) Case Development, (2) Motions Practice, and (3) Attending Court Hearings.  The following chart illustrates how this time was allocated:

| **CASE DEVELOPMENT** | **$13,746.00 (57 attorney hours)** |
|---|---|
| BTK | 2.5 hours x $450/hour = $1,125.00 |
| CTK | 40.5 hours x $250/hour = $10,125.00 |
| JSM | 6.6 hours x $210/hour = $1,386.00 |
| CAS | 7.4 hours x $150/hour = $1,110.00 |
| **MOTIONS PRACTICE** | **$23,440.50 (97.45 attorney hours)** |
| BTK | 14.75 hours x $450/hour = $6,637.50 |
| CTK | 36.0 hours x $250/hour = $9,000.00 |
| JSM | 13.3 hours x $210/hour = $2,793.00 |
| CAS | 28.7 hours x $150/hour = $4,305.00 |
| MA | 4.7 hours x $150/hour = $705.00 |
| **ATTEND HEARINGS** | **$1,020.00 (2.8 attorney hours)** |
| BTK | 2.0 hours x $450/hour = $900.00 |
| CAS | 0.8 hours x $150/hour = $120.00 |
| **TOTAL** | **$38,456.50 + 4.712% GET = $40,268.57** |

See Kobayashi Decl. Ex. E.

Having carefully reviewed all of the time entries and court filings, this Court finds that the time spent by KSG in litigating the instant case was largely excessive and otherwise unnecessary.  The Court agrees with Plaintiffs that Defendants' involvement in the lawsuit was primarily limited to the briefing and argument of one motion, which was decided by the Court within three months of its filing.  Moreover, upon review of the Arbitration Motion, opposition and reply thereto, and the Arbitration Order, the Court concludes that the relevant factual background and ADR Provision were straightforward and the pertinent legal authority was well-established and clear.  Despite this, KSG expended 57 attorney hours on case development and nearly 100 hours in "motions practice."  Of those nearly 100 hours, the Court has attributed over 80 of them to the Arbitration Motion and reply, which includes more than 40 hours purportedly spent on research alone.  Taking into consideration the first Chun II factor, i.e., the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite properly to conduct the cause, see Chun II, 106 Hawai'i at 435, 106 P.3d at 358, the Court finds that this factor justifies applying a percentage reduction to the lodestar amount awardable to Defendants in this case.  See Chun I, 92 Hawai'i at 442, 992 P.2d at 137l; see also Gates, 987 F.2d at 1399 (permitting across-the-board percentage cuts to fee awards).

25

Consequently, the Court finds that it is appropriate to reduce KSG's attorneys' fees by an additional forty percent to account for its excessive and unnecessary billing.

### 4. Total Lodestar Award

Based on the foregoing, the Court FINDS that Defendants have established the appropriateness of an award of attorneys' fees as follows:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| Bert T. Kobayashi, Jr. (BTK) | 18.75[5] | $350.00 | $6,562.50 |
| Christopher T. Kobayashi (CTK) | 72.90[6] | $185.00 | $13,486.50 |
| Jonathan S. Moore (JSM) | 19.60[7] | $130.00 | $2,548.00 |
| Christopher A. Santos (CAS) | 33.50[8] | $120.00 | $4,020.00 |
| Michael Albanese (MA) | 4.70 | $120.00 | $705.00 |
| SUBTOTAL | | | $27,322.00 |
| 40% Reduction | | | $16,393.20 |
| Hawaii GET of 4.712% | | | $772.45 |
| **TOTAL** | | | **$17,165.65** |

This award includes a forty percent reduction for excessive and

---

[5] 19.25 hours requested - 0.5 hours for non-compensable time = 18.75 hours.

[6] 77.50 hours requested - 0.2 hours for duplicative time - 0.4 hours for clerical tasks - 4.0 hours for non-compensable time = 72.90 hours.

[7] 19.90 hours requested - 0.3 hours for duplicative time = 19.60 hours.

[8] 36.90 hours requested - 0.5 hours for duplicative time - 1.9 hours for clerical tasks - 1.0 hours for non-compensable time = 33.50 hours.

26

otherwise unnecessary attorney time pursuant to <u>Chun I</u> and <u>Chun II</u>.  Accordingly, the Court RECOMMENDS that the District Judge award Defendants $17,165.65 in attorneys' fees.

**D.    Calculation of Costs**

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).  <u>See also</u> <u>Fought & Co., Inc. v. Steel Eng'g & Erection, Inc.</u>, 87 Hawai'i 37, 52, 951 P.2d 487, 502 (1998) (noting that appellate courts have jurisdiction to award costs pursuant to HRS § 607-14); Compl. Ex. 1, at 29 (permitting recovery of reasonable expenses incurred as a result of prohibited litigation).  Courts have interpreted this rule to create a strong presumption in favor of awarding costs to the prevailing party, but reserving for the district judge the discretion to deny costs in appropriate, specifically outlined circumstances.  <u>See, e.g.</u>, <u>Miles v. California</u>, 320 F.3d 986, 988 (9th Cir. 2003).  To overcome this presumption, the losing party must "establish a reason to deny costs."  <u>Dawson v. City of Seattle</u>, 435 F.3d 1054, 1070 (9th Cir. 2006).

Defendants seek $429.22 in costs, consisting of the following expenses:

| | |
|---|---:|
| Photocopies | $20.40 |
| Long Distance Telephone | $2.32 |
| Online Legal Research | $306.06 |
| Certificate of Good Standing | <u>$100.00</u> |
| **TOTAL COSTS** | **$429.22** |

<u>See</u> Defs.' Mem. Supp. Mot. 27; Kobayashi Decl. Ex. F.  Defendants

failed to attach any invoices or receipts documenting these

costs.  <u>See</u> LR 54.2(c) ("Any vouchers, bills, or other documents

supporting the costs being requested shall be attached as

exhibits."); LR 54.3(d)(3) ("In addition to identifying each

requested non-taxable expense, the moving party . . . should

attach copies of invoices and receipts, if possible.").

The Court finds these costs, with the exception of long

distance telephone charges, are not compensable.  First, in order

to establish entitlement to photocopying costs, the moving party

must meet the stringent requirements of LR 54.2(f)(4), which

requires the party to submit an affidavit describing the

documents copied, the number of pages copied, the cost per page,

and the use of or intended purpose for the items copied.  <u>See</u> LR

54.2(f)(4).  Insofar as the instant request for copying costs

does not comply with the Local Rules, the Court determines that

Defendants' request for $20.40 in copying costs is not

compensable.

Second, in <u>DFS Grp.</u>, the Hawaii Supreme Court expressly

held that "computer-assisted research charges are subsumed within

a law firm's overhead and therefore the client may not recover

such costs by classifying them as separately billed attorneys'

fees."  <u>DFS Grp.</u>, 110 Hawai'i at 225, 131 P.3d at 508; <u>see

also</u> LR 54.2(f)(5) ("Electronic or computer research costs are

not taxable."). Pursuant to <u>DFS Grp.</u>, Defendants' requested online legal research fees must be subsumed in KSG's overhead and cannot be recovered as costs separate from KSG's attorneys' fees. The Court therefore concludes that Defendants' request for $306.06 in online legal research fees is not compensable.

Finally, Defendants seek $100.00 for copies of certificates of good standing for Centex Real Estate Corporation and Nomas Corporation. However, Defendants have not provided any justification for obtaining these copies, and the Court finds them unnecessary to the litigation of this case. Therefore, the Court determines Defendants' request for $100.00 for copies of certificates of good standing is not compensable. As a result, the Court RECOMMENDS that the District Judge tax costs against Plaintiffs and in favor of Defendants in the amount of $2.32.

CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Defendants' Motion for Attorneys' Fees and Related Non-Taxable Costs, filed on March 24, 2011, be GRANTED IN PART AND DENIED IN PART. The Court RECOMMENDS that the District Judge AWARD Defendants $17,165.65 in attorneys' fees and $2.32 in costs, for a total award of $17,167.97.

///

///

///

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JULY 27, 2011



_____
Richard L. Puglisi
United States Magistrate Judge

SHEEHAN V. CENTEX HOMES; CIVIL NO. 10-00695 SOM-RLP; FINDINGS AND
RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS'
MOTION FOR ATTORNEYS' FEES AND RELATED NON-TAXABLE COSTS